UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 15-2443-AG (ASx) | Date | March 16, 2016 |
|---|---|---|---|
| Title | KENNETH DZIECIOLOWSKI ET AL. v. DMAX LTD. ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |

**Proceedings:**     [IN CHAMBERS] ORDER DENYING EMERGENCY APPLICATION

There's a pending class certification motion in this case ("Motion for Class Certification"). (*See* Mot. for Class Cert., Dkt. No. 80.) Defendants General Motors LLC and DMAX Ltd. filed an emergency application ("Application") asking the Court to consider a surreply opposing the Motion for Class Certification they filed with the Application. (*See* Ex Parte Appl., Dkt. No. 92.) Defendants complain that Plaintiffs raise new arguments in their reply. Plaintiffs oppose the Application but ask the Court to consider a surreply to the surreply that Plaintiffs filed with their opposition. (*See* Opp'n to Ex Parte Appl., Dkt. No. 94.)

The Court DENIES the Application.

## 1. ANALYSIS

Over decades, the Federal Rules of Civil Procedure and the Local Rules of the Central District of California have been written, revised, and revised again to try to ensure that litigation proceeds fairly. *See* Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.") Cases interpreting those rules similarly have evolved to promote orderly justice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 15-2443-AG (ASx) | Date | March 16, 2016 |
|---|---|---|---|
| Title | KENNETH DZIECIOLOWSKI ET AL. v. DMAX LTD. ET AL. | | |

Parties opposing motions often accuse moving parties of making new arguments in reply briefs. Sometimes they're right, and sometimes they're wrong. But in either case, there's an established solution to the problem. "A district court may refuse to consider new evidence submitted for the first time in a reply if the evidence should have been presented with the opening brief." *Wallace v. Countrywide Home Loans, Inc.*, No. SACV 08-1463 AG (MLGx), 2009 WL 4349534, at *7 (C.D. Cal. Nov. 23, 2009) (citing cases); *see also Gutierrez v. 78th Judicial Dist. Court*, No. 1:07-CV-1268, 2009 WL 1507415, at *1 n.2 (W.D. Mich. May 29, 2009) ("The opposing party should not have to incur the cost and effort of additional filings—a motion for leave to file a sur-reply, and the sur-reply itself—because the movants deliberately, or more likely inadvertently, held back part of their case.").

Surely there is a time, as papers are filed with the threats of surreplies and surreplies to surreplies, and—who knows—still more surreplies, to say "enough." This is that time.

The Court DENIES the Application.

## 2. DISPOSITION

The Court DENIES the Application.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |