UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 15-2443-AG (ASx) | Date | April 27, 2016 |
|---|---|---|---|
| Title | KENNETH DZIECIOLOWSKI ET AL. v. DMAX LTD. ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER DENYING MOTION FOR CLASS CERTIFICATION**

Kenneth Dzieciolowski and Rene Anthony Acedo filed this putative class action against DMAX Ltd. and General Motors LLC (collectively, "GM"). Dzieciolowski and Acedo now seek class certification ("Motion").

The Court DENIES the Motion.

## 1. LEGAL STANDARD

As a legal tool, the class action offers an avenue for the adjudication of what society too often may see as insignificant claims by insignificant people. It offers an avenue for black children to challenge school segregation. *See Brown v. Bd. of Ed.*, 347 U.S. 483 (1954) (case challenging separate-but-equal education). It offers an avenue for small town residents to challenge environmental contamination. *See Anderson v. Pac. Gas & Elec.*, No. BCV 00300 (Cal. Super. Ct. 1993) (case challenging corporate pollution practices and made famous by *Erin Brockovich*). It offers an avenue for imprisoned adults to challenge marriage discrimination. *See Turner v. Safley*, 482 U.S. 78, 81 (1987) (case challenging prison policy requiring warden's permission for marriage).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-2443-AG (ASx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | KENNETH DZIECIOLOWSKI ET AL. v. DMAX LTD. ET AL. | | |

In sum, the class action offers an avenue for paupers to challenge princes. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 186 (1974) (Douglas, J. dissenting) ("The class action is one of the few legal remedies the small claimant has against those who command the status quo. I would strengthen his hand with the view of creating a system of law that dispenses justice to the lowly as well as to those liberally endowed with power and wealth."); *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 365 (Breyer, J. dissenting) (2011) ("What rational lawyer would have signed on to represent the Concepcions in litigation for the possibility of fees stemming from a $30.22 claim?").

But the class action is an exception to the way litigation usually goes: typically, lawsuits are litigated just by the individual named parties. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541, 2550 (2011). And like all exceptions, this exception is only justified if certain requirements are met.

First, a plaintiff seeking class certification must show that a proposed class satisfies Federal Rule of Civil Procedure 23(a)'s four elements: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation by the class representatives and class counsel. Fed. R. Civ. P. 23(a). All of these elements must be satisfied for a class to be certified.

Second, a plaintiff seeking class certification must show that a proposed class satisfies the requirements of at least one of Rule 23(b)'s three subsections. Rule 23(b)'s three subsections provide: (1) that prosecuting separate actions would create a risk of inconsistent or varying adjudications; (2) that the party opposing class certification has acted or failed to act on grounds that apply generally to the class; or (3) questions of law or fact common to class members predominate over any questions affecting only individual members. Fed. R. Civ. P. 23(b)(1)–(3). Only one of these factors needs to be satisfied for a class to be certified.

Third, a plaintiff seeking class certification must show that a proposed class satisfies the court-created ascertainability requirement. *See id.* at 2548–49; *Pryor v. Aerotek Scientific, LLC*, 278 F.R.D. 516, 523 (C.D. Cal. 2011). Ascertainability is not explicitly discussed in the Federal Rules of Civil Procedure. *See Pryor*, 278 F.R.D. at 523 (citing cases). Nonetheless, a class must be ascertainable for a court to certify it. A class is ascertainable only if "it is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-2443-AG (ASx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | KENNETH DZIECIOLOWSKI ET AL. v. DMAX LTD. ET AL. | | |

administratively feasible for the court to ascertain whether an individual is a member." *O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998).

Two final notes. First, all these requirements apply with equal force to proposed subclasses, which each must be treated as their own class for this analysis. *See* Fed. R. Civ. P. 23(c)(5). Second, all these requirements aren't just pleading standards. *Dukes*, 131 S. Ct. at 2551. A party seeking class certification must affirmatively demonstrate that these requirements have been met, and survive a rigorous analysis that may dip into an evaluation of the merits of a case. *Id.*

## 2. BACKGROUND

Before the analysis, some background is necessary. Dzieciolowski and Acedo own trucks equipped with GM's Duramax diesel engine. Soot builds up in the Duramax diesel engine. If enough soot accumulates, the soot can damage the engine and its performance. The soot gets burned off if the engine gets hot enough during normal driving. This process is called passive regeneration. If soot builds up past a certain point and the engine isn't hot enough to burn it off, the onboard computer kicks in. It runs the engine at higher RPMs and tells the driver to keep driving. The engine then burns some fuel to raise temperatures enough to burn off the soot. This process is called active regeneration.

Dzieciolowski and Acedo say GM defectively designed the Duramax diesel engine so that it has to actively regenerate too often. According to them, this means the engine uses more fuel (thus lowering gas mileage) and sustains more stress from heat than it should and than GM advertised. Dzieciolowski and Acedo assert five claims: (1) violation of California's Consumer Legal Remedies Act; (2) violation of California's Unfair Business Law; (3) violation of Michigan's Consumer Protection Act; (4) violation of Michigan's implied warranty statute; and (5) violation of the federal Magnuson-Moss Warranty Act.

Now, Dzieciolowski and Acedo ask the Court to certify a class and two subclasses. They define the class period for all three to stretch from July 10, 2009, through the present, and on to the date of judgment in this case. They ask the Court to certify a class consisting of:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-2443-AG (ASx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | KENNETH DZIECIOLOWSKI ET AL. v. DMAX LTD. ET AL. | | |

> [a]ll persons who purchased or leased one of the following GM vehicles equipped with a LML Duramax 6.6 liter V-8 diesel motor in California or Michigan during the Class Period: GMC Sierra 2500HD, GMC Sierra 3500HD, Chevrolet Silverado 2500HD, Chevrolet Silverado 3500HD, Chevrolet Express, and/or GMC Savana.

They ask the Court to certify a subclass for the claims asserted under California law consisting of:

> [a]ll persons who purchased or leased one of the following GM vehicles equipped with a LML Duramax 6.6 liter V-8 diesel motor in California during the Class Period: GMC Sierra 2500HD, GMC Sierra 3500HD, Chevrolet Silverado 2500H 3500HD, Chevrolet Express, and/or GMC Savana.

They ask the Court to certify a subclass for the claims asserted under Michigan law and the Magnuson-Moss Warranty Act consisting of:

> [a]ll persons who purchased or leased one of the following GM vehicles equipped with a LML Duramax 6.6 liter V-8 diesel motor in Michigan during the Class Period: GMC Sierra 2500HD, GMC Sierra 3500HD, 2500HD, Chevrolet Silverado 3500HD, Chevrolet Express, and/or GMC Savana.

### 3. ANALYSIS

For 'tis the sport to have the enginer
Hoist with his own petar';

William Shakespeare, Hamlet act 2, sc. 4. There is no sport here, but Dzieciolowski's and Acedo's own deposition testimony is indeed fatal to their cause.

In Acedo's deposition, Acedo was asked how he formed his expectations about the gas mileage he thought his truck was supposed to get.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-2443-AG (ASx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | KENNETH DZIECIOLOWSKI ET AL. v. DMAX LTD. ET AL. | | |

> Q: What was the basis for that expectation?
> A: A couple reasons. First is it was what I recognized as far as advertisement that I saw it was a good fuel mileage on a diesel, and, secondly, is friends have vehicles, and they were getting good fuel mileage as well.
> Q: When you said, they "have vehicles," did they have other Duramax-equipped trucks?
> A: Correct.
> Q: How many friends did you know at the time who had Duramax diesel trucks?
> A: Three.
> Q: Three. And what configuration of Duramax trucks did they each have? In other words, did they have crew cabs? Regular cabs? Long bed? Short bed?
> A: Same vehicle—crew cab, six- and eight-foot beds.

(Acedo Dep., Dkt. No. 86-10 at 7:4–20.) He was also asked about conversations he had with others who owned trucks with Duramax diesel engines.

> Q: Do you ever talk to them about your issues of fuel economy?
> A: Yes.
> Q: And what—do you know any that have had the same issues?
> A: They haven't had the same issues.
> Q: So you don't know anyone else who's had the same fuel economy issues that you've had with their Duramax trucks?
> A: No.

(*Id.* at 33:1–10.)

In Dzieciolowski's deposition, Dzieciolowski discussed online postings he made about Duramax diesel engine trucks.

> Q: Consistent with what you said, you posted on September 2, 2014 the statement that there are some trucks that function fine and others have issues; and that was a comment with regard to regeneration, right?

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-2443-AG (ASx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | KENNETH DZIECIOLOWSKI ET AL. v. DMAX LTD. ET AL. | | |

A:   That is correct.

(Dzieciolowski Dep., Dkt. No. 86-13 at 49:24–50:4.)

This testimony highlights a fundamental problem with Dzieciolowski's and Acedo's class certification efforts. They want the Court to certify a proposed class and two subclasses that cover everyone who bought or leased one of the Duramax diesel engine trucks in question during the class period. The parties recently argued over the exact nature of Dzieciolowski's and Acedo's claims and class definitions. This dispute resulted in an emergency application seeking to file a surreply, and an opposition to that application seeking in part to file a surreply to the surreply. But even in that dispute Dzieciolowski and Acedo say that they "have consistently defined the class broadly to include all owners and leasees of the subject vehicles who stood to experience any active . . . regenerations and corresponding Fuel Penalties." (Opp'n to Ex Parte Appl., Dkt. No. 94 at 3:8—10 (emphases removed).) Perhaps too broadly. Dzieciolowski's and Acedo's own testimony shows that there are putative class members who haven't had the alleged injury at the heart of the lawsuit. Indeed, Acedo explicitly says he has complaints about his truck because it's not acting like the trucks of other people who would fall in the putative class.

This problem can be characterized in a lot of ways. GM calls it a lack of ascertainability. It could also be framed as a lack of commonality, typicality, or adequacy-of-representation. *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 158 (1982) (noting that the commonality, typicality, and adequacy-of-representation requirements tend to merge). It could also be characterized as a lack of standing. *See, e.g., Adashunas v. Negley*, 626 F.2d 600, 604 (7th Cir. 1980) ("The second deficiency in the class action claims is that since the proposed class is so amorphous and diverse, it cannot be reasonably clear that the proposed class members have all suffered a constitutional or statutory violation warranting some relief."); *Webb v. Carter's Inc.*, 272 F.R.D. 489, 500 (C.D. Cal. 2011) ("Plaintiffs therefore cannot show that the proposed class members suffered an injury that would allow them to press a claim for breach of the implied warranty of merchantability. They therefore have not shown that those class members

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-2443-AG (ASx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | KENNETH DZIECIOLOWSKI ET AL. v. DMAX LTD. ET AL. | | |

suffered a cognizable injury sufficient to give them Article III standing."). But whatever you call it, not having it is a problem.

The cases Dzieciolowski and Acedo rely on don't alter that conclusion. They instead discuss putative classes where there's no evidence that there are class members who lack the injury. *See, e.g.*, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1021 (9th Cir. 1998); *Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 474 (C.D. Cal. 2012); *Keegan v. Am. Honda Motor Co.*, 284 F.R.D. 504, 524 (C.D. Cal. 2012); *Parkinson v. Hyundai Motor Am.*, 258 F.R.D. 580, 588 (C.D. Cal. 2008); *Chamberlan v. Ford Motor Co.*, 223 F.R.D. 524, 526 (N.D. Cal. 2004). The Ninth Circuit Court of Appeals' decision in *Wolin v. Jaguar Land Rover North America* might come the closest to the mark, but it still misses. There, the Ninth Circuit reversed the district court when it concluded, without discussion, that the class couldn't be certified because the plaintiffs hadn't proved that an alleged defect existed in a majority of the class members' vehicles. *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1170 (9th Cir. 2010). But a situation where at least some of the class members have the same injury, and others may or may not is far removed from the current case, where there's actual evidence from the named Plaintiffs that some (many? most? nearly all?) class members don't have the complained-of injury. And for what it's worth, Dzieciolowski's and Acedo's testimony isn't the only evidence of this. GM noted that "customer surveys for Duramax pickups show that an overwhelming percentage of customers—more than 91%—are satisfied with their fuel economy, rating it 'Good' (22.2%), 'Very Good' (29.9%), 'Excellent' (26.1%) or 'Truly Outstanding' (12.9%)." (Opp'n to Mot. for Class Cert., Dkt. No. 85 at 12:7–10.)

Certainly, "[c]lass actions serve an important function in our system of civil justice." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99 (1981). But this case is not one suited for class treatment. Dzieciolowski and Acedo may have legitimate gripes with GM. But they haven't adequately shown that their individual issues are sufficiently shared by others. Instead, the named Plaintiffs themselves acknowledge that some of the putative class members expressly don't have the same issues Dzieciolowski and Acedo say they have.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 15-2443-AG (ASx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | KENNETH DZIECIOLOWSKI ET AL. v. DMAX LTD. ET AL. | | |

Because Dzieciolowski's and Acedo's class certification motion fails here, the Court need not address the other requirements of class certification. But the Court notes that an analysis of those requirements may reveal more reasons to deny certification.

### 4. DISPOSITION

The Court DENIES the Motion.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |